### CHASE v. CATLIN et al.

#### (Circuit Court, S. D. New York. December 6, 1894.)

1. PATENTS—ANTICIPATION—UNDERSHIRTS.

A knitted vest, designed to produce a close fit, and to be worn next the skin, is anticipated by a knitted vest, similar in form and function, though designed to be worn over a corset.

2. SAME.

Appleton's patent, No. 240,569, for an improvement in undershirts, the middle part of which is knitted in plain stitch, and the upper or lower part, or both, in tuck stitch, to produce a better fit, *held* to have been anticipated by the "spencer," which is similar in form and function, though designed to be worn over the corset.

Final Hearing in Equity. This was a suit by Richard F. M. Chase against Julius Catlin and others for infringement of a patent.

This action is based upon letters patent No. 240,569, granted April 26, 1881, to Robert M. Appleton for an improvement in undershirts. The specification says:

"The object of my invention is to furnish an improved undershirt or vest which will retain its original woven shape after washing and fit the form of the body in an easy and comfortable manner. The invention consists of an undershirt in which plain knitting and tuck-knitting are combined in

such a manner that especially the upper and lower parts are tuck-knitted, so as to become wider or more expanded, while the middle part is made of plain knitting so as to fit closer than the other parts. * * * For gentlemen's undershirts it is preferable to make the waist and lower part of the body in plain stitch)and the upper part only in tuck stitch or knitting, while for ladies' use a plain middle or waist part and tuck-stitched or knitted upper and lower parts are preferable, as the same fit thereby better over the breast and hips and closely at the middle part or waist. * * * The tuck-knitting can be produced in any desired pattern, closer together or at some distance apart, as taste and fancy may direct. The goods are manufactured on the well-known circular-knitting machines or shirt-looms with a continuous thread or yarn, and may be woven either circular and seamless or sewed at the sides, as desired."

The claims involved are as follows:

"(1) In an undershirt or vest, the combination of the middle part, made in plain stitch or knitting, and the upper part, made in tuck stitch or knitting, substantially as described.

"(2) In an undershirt or vest, the combination of the middle part made in plain stitch or knitting, and the lower part, made in tuck stitch or knitting, substantially as described.

"(3) In an undershirt or vest, the combination of the middle part, made in plain stitch or knitting, and the upper and the lower parts made in tuck stitch or knitting, substantially as described."

The defenses are lack of novelty and invention and noninfringement.

W. P. Preble, Jr., and John R. Bennett, for complainant.

Knevals & Perry, Dudley Phelps, and Joseph C. Fraley, for defendants.

COXE, District Judge. The claims are designed to cover respectively an undershirt, the middle part of which is knitted in plain stitch and the upper or lower part, or both in tuck stitch. The object of the patentee was to obtain a better fit at the waist by using a close stitch for the middle part of the shirt and an expanded stitch for the upper and lower parts. He evidently thought that he was the first to combine the tuck and plain stitch in wearing apparel of this character. He was mistaken. The prior art is full of instances where the combination was used when it was desirable that the garment should fit tighter at one part than another. It was an obvious and common expedient. It is unnecessary to examine the prior art in detail for the reason that the defendants' exhibit "spencer," is an almost exact reproduction of the vest of the patent. This will be made plain by placing diagrams of the two side by side.

### PATENT.

### PRIOR ART

It is apparent that the close fit at the waist which the patentee says "forms the essential feature of my invention" is found in the spencer in form and function precisely like the patented vest. The spencer is, in fact, a vest, intended to be worn over the corset; it has the middle part made in plain stitch and the upper and lower parts in tuck stitch. In short, it infringes every one of the three claims involved and, of course, anticipates them.

It is argued that the spencer is not an anticipation for the reason that the patented vest is to be worn next the skin and the spencer is to be worn over the corset. The answers are manifest. First, there is nothing in the patent which so limits it; and, second, in no event can patentability be predicated of such a use. Clothing Co. v. Glover, 141 U. S. 560, 12 Sup. Ct. 79; Cluett v. Claflin, 140 U. S. 180, 11 Sup. Ct. 725; Peters v. Manufacturing Co., 129 U. S. 530, 9 Sup. Ct. 389; Holmes, etc., Protective Co. v. Metropolitan, etc., Alarm Co., 33 Fed. 254, and cases cited on page 256. To hold otherwise would lead to most astonishing results. A woman who happened, prior to 1880, to wear her spencer next her skin would be hailed as an inventor; should she do this after 1880, she could be pursued as an infringer. To-day she can wear the vest of the patent over another garment with perfect impunity, but if she wears it next her skin she is an infringer. The same garment will infringe or not according as it is worn as an under vest or a "sweater." This is reductio ad absurdum, but it follows as a logical result if the above construction is adopted. The only other difference is that the spencer is buttoned from top to bottom and not part of the way as in the patented vest, but this difference is too trivial to discuss. The bill is dismissed.